FILED

2008 Mar-31  PM 01:21
U.S. DISTRICT COURT
N.D. OF ALABAMA



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| JOSHUA McWHORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CV 07-B-1426-NE |
| | ) |
| MARK KIRCHDORFER; BEV | ) |
| EARNEY; ISCO INDUSTRIES, L.L.C., | ) |
| | ) |
| Defendants. | ) |

<u>MEMORANDUM OPINION</u>

This case is before the court on defendants' Motion to Dismiss, (doc. 3), and plaintiff's Motion to Remand, (doc. 5), and Motion for Jurisdictional Discovery and to Defer Ruling on Motion to Remand, (doc. 6).  Plaintiff has sued defendants, alleging breach of contract, fraud, suppression, negligence, and wantonness, arising from defendants' failure to pay his insurance premium as agreed.  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion to Remand, (doc. 5), is due to be granted; and defendants' Motion to Dismiss, (doc. 3), and plaintiff's Motion for Jurisdictional Discovery and to Defer Ruling on Motion to Remand, (doc. 6), are due to be denied.

## I. <u>MOTION TO REMAND</u>

### A.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction.  Therefore, this court may hear only cases that the Constitution or Congress has authorized.  A defendant seeking to remove a

case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not ***absolutely*** clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied* 520 U.S. 1162 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of plaintiff, and all "uncertainties" regarding the substantive state law are resolved in favor of plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

## B. STATEMENT OF FACTS[1]

On or about, February 28, 2006, plaintiff accepted an offer of employment with defendant ISCO Industries, Inc. (Doc. 1, Complaint ¶ 11.) As part of the terms of its employment offer, ISCO agreed to pay plaintiff's "COBRA medical insurance for the first 90 days of employment." (Doc. 5-2 [emphasis in original deleted].) At the time, plaintiff was working for ERC, ISCO's competitor. (Doc. 1, Complaint ¶ 8.) While at ERC, plaintiff had health insurance through Blue Cross/Blue Shield of Alabama. (*Id.* ¶ 10.) For purposes

---

[1]Although the facts are disputed, for purposes of the motion, the court will consider the facts as alleged by the plaintiff in the Complaint as true.

of this opinion, the court assumes that the Blue Cross/Blue Shield health insurance was part of an ERISA plan.  (*See* doc. 12 ¶ 2.)

Plaintiff began working for ISCO on March 20, 2006.  (Doc. 1, Complaint ¶ 11.)  He did not enroll in ISCO's health insurance plan.  (*Id*. ¶ 12.)

ISCO stopped paying plaintiff's COBRA premiums before the end of the ninety-day period specified in the parties' agreement.  (*Id*. ¶ 13.)  As a result, plaintiff's health insurance coverage was cancelled on May 30, 2006.  (*Id*. ¶ 16.)  When plaintiff questioned defendant Mark Kirchdorfer, ISCO's Vice President of Operations, and Bev Earney, ISCO's Director of Human Resources, about the payment of his COBRA premiums, they assured him that the premiums had been paid, when, in fact, they had not.  (*Id*. ¶ 14.)

Plaintiff's son required medical treatment for which plaintiff did not have insurance coverage due to the failure of defendants to pay his premiums.  (*Id*. ¶¶ 17-18.)  Plaintiff alleges the amount of medical bills incurred because of his son's illness was over $15,000. (Doc. 5-3 ¶ 14.)

## C.  DISCUSSION

Defendants removed this case from the Circuit Court of Madison County, Alabama, alleging that this court had diversity jurisdiction and federal-question jurisdiction based on the complete preemption of plaintiff's claims pursuant to ERISA.  Plaintiff contends that this case is due to be remanded because his claims are not preempted by ERISA and because defendants cannot show that his claims exceed the jurisdictional amount necessary for

3

diversity jurisdiction.  Defendants, in response to plaintiff's Motion to Remand,  have "withdraw[n] diversity as a basis for removal." (Doc. 13 at 1.)  Therefore, the court will address only the issue of whether it has jurisdiction over this action based on ERISA complete preemption.

Defendants argue that, because plaintiff's ERC health insurance was part of an ERISA plan, his claims arising from the failure to pay the premiums for that policy are preempted. This court disagrees.

"[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.  *Aetna Health Inc. v. Davila*,  542 U.S. 200, 209 (2004)(citations omitted).  "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)."  *Id*. at 210.  When a cause of action is completely pre-empted by ERISA, it "is . . . removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court."  *Harris v. Pacificare Life & Health Ins. Co*., 514 F. Supp. 2d 1280, 1289 (M.D. Ala. 2007)(quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

To determine whether ERISA complete preemption exists, the Eleventh Circuit has established a four-part test:

(1) "there must be a relevant ERISA plan," (2) "the plaintiff must have standing to sue under that plan," (3) "the defendant must be an ERISA entity," and (4) "the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan."

*Smith v. Wynfield Dev. Co., Inc.*, 238 Fed. Appx. 451, 456 (11th Cir. 2007)(quoting *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999). "[W]hen a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA." *Morstein v. National Ins. Services, Inc.*, 93 F.3d 715, 722 (11th Cir. 1996)(citing *Perkins v. Time Insurance Co.*, 898 F.2d 470, 473 (5th Cir. 1990)), *cert. denied* 519 U.S. 1092 (1997); *see also Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1284 (11th Cir. 2005).

Clearly, plaintiff's claims do not affect "principal ERISA entities as such." *Morstein*, 93 F.3d at 722. The plan at issue in this case is the plan of plaintiff's ***former*** employer – not ISCO's plan – to which plaintiff wished to remain enrolled and for which ISCO allegedly agreed to pay the premium. Although the court assumes that the ERC plan is an ERISA plan and that plaintiff had standing to sue under the plan, defendants are not fiduciaries of the ERC plan and plaintiff does not seek benefits under the plan. Indeed, plaintiff claims defendants had a legal duty to him, arising not from the parties' participation in an ERISA plan, but arising from the offer of employment and their subsequent actions and statements related to the unpaid premiums. *See Aetna Health*, 542 U.S. at 210. Although plaintiff claims the amount of his unpaid medical bills as damages caused by defendants' breach of contract and fraud, "such indirect relation between a beneficiary and the plan is not enough

for preemption." *See Morstein*, 93 F.3d at 723 ("Although the remedy sought may affect the plan in that Morstein's damages (should she successfully prevail on her claims) against Hankins and/or the Shaw Agency may be measured based on what she would have received under her old plan, such indirect relation between a beneficiary and the plan is not enough for preemption.")(citing *Smith v. Texas Children's Hosp.*, 84 F.3d 152, 155 (5th Cir. 1996); *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1406-07 (11th Cir. 1994)).

Defendants, who are not fiduciaries of the ERC plan, cannot base removal on ERISA complete preemption because plaintiff's claims against them do not, and cannot, affect the relations among principal ERISA entities of the ERC plan. *Morstein*, 93 F.3d at 722.

Based on the foregoing, the court finds that plaintiff's claims are not preempted by ERISA; thus, this case is not removable based on federal question subject matter jurisdiction. Therefore, the court finds that this case is due to be remanded to the Circuit Court of Madison County.

## II.  MOTION TO DISMISS AND MOTION FOR JURISDICTIONAL DISCOVERY

Because the court finds it is without subject-matter jurisdiction, the court typically would defer to the state court for a ruling on defendant's Motion to Dismiss, (doc. 3), and plaintiff's Motion for Jurisdictional Discovery and to Defer Ruling on Motion to Remand, (doc. 6). *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)("[A] federal court must remand for lack of subject matter jurisdiction

notwithstanding the presence of other motions pending before the court.")(citations omitted.) However, because defendants assert ERISA as the basis for dismissal, and because the court holds this is not an ERISA claim, the court will deny defendants' remaining motions.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that it is without subject-matter jurisdiction. Therefore, plaintiff's Motion to Remand will be granted and this case will be remanded to the Circuit Court of Madison County, Alabama. Defendants' Motion to Dismiss and plaintiff's Motion for Jurisdictional Discovery and to Defer Ruling on Motion to Remand will be denied. An Order granting plaintiff's Motion to Remand, (doc. 5), and denying defendants' Motion to Dismiss, (doc. 3), and plaintiff's Motion for Jurisdictional Discovery and to Defer Ruling on Motion to Remand, (doc. 6), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 31st day of March, 2008.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE